ｉWESTERN UNION TELEGRAPH COMPANY v. POPE.

## Opinion delivered June 7, 1926.

1. TELEGRAPHS AND TELEPHONES—NEGLIGENCE—JURY QUESTION.—In an action for damages for failing to deliver a telegram promptly, it was *held* a jury question, under the evidence, whether defendant accepted the message with agreement to deliver it outside of the free delivery limits, and whether defendant was negligent in failing to notify the sender of nondelivery.

2. TELEGRAPHS AND TELEPHONES—DELIVERY OUTSIDE OF FREE LIMITS.— A telegraph company's acceptance of a telegram without notice that the addressee is outside of the free delivery limits does not constitute an agreement to deliver outside of such limits.

3. TELEGRAPHS AND TELEPHONES—MENTAL ANGUISH—DAMAGES.—An award of $1,500 for negligence in delivery of a telegram whereby plaintiff was deprived of the privilege of being with his wife a short time before her death *held* excessive to the extent of $500.

Appeal from Clark Circuit Court; *James H. McCollum*, Judge; modified and affirmed.

*Francis R. Stark, J. H. & D. H. Crawford*, and *Rose, Hemingway, Cantrell & Loughborough*, for appellant.

*J. O. A. Bush*, for appellee.

McCULLOCH, C. J. This is an action instituted by appellee against appellant to recover compensation for damages sustained by reason of alleged negligence in failing to promptly deliver a telegraphic message informing appellee of the serious illness of his wife. There was a former appeal of the case to this court (166 Ark. 122), and the judgment was reversed, and the cause remanded for a new trial. The facts are set forth with accuracy and in detail in the former opinion, and it is unnecessary to narrate them again. The court, in the last trial, gave the particular instruction to the jury that was refused on the former trial, and for which refusal the judgment was reversed.

Appellant requested twenty-seven separate instructions, most of which were given as requested, and assignments of error are made with respect to each of the refused instructions. We find, however, that in the instructions given every phase of the case was covered,

and it is unnecessary to discuss the assignments in detail.

The court, in an instruction given at the instance of appellee, submitted two phases of the alleged failure to deliver the message: whether or not appellant accepted the message with an agreement to deliver it outside of the free delivery limits, and whether or not appellant was guilty of negligence in failing to notify the sender of nondelivery. It is insisted that the instruction was erroneous for the reason that there was no evidence tending to show that appellant's agent accepted the message with the agreement to deliver outside of the free delivery limits. It will be seen from a perusal of the narrative of facts in the case, as set forth in the original opinion, that there were two messages, one sent on December 7 by Dr. Alford, and the other by Jesse Pope, appellee's son, on December 9. There was direct evidence in the testimony of Jesse Pope that, when he sent the message, he informed appellant's agent that his father, the addressee, lived outside of the free delivery limits at Smackover, and that there was an agreement to deliver the message outside of those limits. Appellant's objection to this feature of the instruction was general, and the instruction related to the two messages and not to any particular one. If counsel desired to raise the question as to one of the messages, it should have done so by pointing out the distinction in a specific objection. The direct testimony as to the agreement concerning the message sent by Jesse Pope was sufficient to warrant a submission of that issue to the jury. We are also of the opinion that the evidence warranted a submission of that issue concerning the message sent by Dr. Alford. It is true that Dr. Alford did not testify to any specific agreement in regard to the delivery of the message outside of the free delivery limits, but his testimony shows that the agent knew, at the time of the conversation, that Smackover was in an extensive oil field, that Pope was working somewhere in the field, either inside or outside of the free delivery

limits, and, with knowledge that the message might have to be delivered outside of the free delivery limits, the agent agreed to make the delivery. If appellant had not been advised that the sendee was outside of the free delivery limits, the acceptance of the message would not have constituted an agreement to deliver outside of those limits, but here the facts warranted the belief on the part of appellant's agent that the sendee could only be found outside of the limits, and an express and unqualified agreement to deliver under those circumstances was tantamount to an agreement to deliver outside of the free delivery limits, if necessary.

Our conclusion is that the issues in the case were properly submitted to the jury, and that there was no error. It is contended that the instructions were conflicting, but, after careful consideration, we do not think so. The instructions could be harmonized, and we must assume that the jury understood them.

The jury awarded damages in the sum of $1,500, and we are of the opinion that this amount is an excessive award. It is a matter of great difficulty and one of extreme delicacy to attempt to measure an award for damages resulting from mental anguish and no other element, and yet it is the duty of courts and juries to discharge that duty the best they can. Appellee was, on account of the negligence of appellant, deprived of the privilege of being with his wife only for a short time before her death. If the first message had been delivered promptly, he could have reached her bedside probably twenty-four hours before her death, but a prompt delivery of the second message would only have given him an opportunity, with the most strenuous effort, to reach his wife's bedside an hour or two before her death. We have no means of knowing on which alleged act of negligence the jury based the verdict. The jury may have found that appellant made diligent effort, and was guilty of no negligence in regard to the first message, but was negligent in regard to the second one; but we must assume, for the purpose of testing the sufficiency of

the verdict, that the negligence occurred in regard to the nondelivery of the first message. We are convinced that the verdict is excessive, but it can be cured by allowing the judgment to stand for an amount which we would have affirmed if the jury had limited the award to that amount. The case of *Western Union Telegraph Co.* v. *Bickerstaff*, 100 Ark. 1, is quite similar to the one now before us, and in that case we reduced the verdict for $2,000 down to the sum of $1,000, and affirmed the judgment for that amount. Of course, each case, with respect to the amount of damages, must stand upon its own peculiar facts, but the similarity of the two cases inclines us to accept the Bickerstaff case as a guide in awarding the damages in the present case.

The judgment of the circuit court will therefore be modified by reducing the amount of the recovery to the sum of one thousand dollars, as of the date of the judgment below. It is so ordered.